THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
PETER SIMS, Defendant-Appellant.
First District (3rd Division)   No. 84—1875

Opinion filed April 8, 1987.

James J. Doherty, Public Defender, of Chicago (Elyse Krug Miller and Frank Madea, Assistant Public Defenders, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry and Peter D. Fischer, Assistant State's Attorneys, of counsel), for the People.

JUSTICE WHITE delivered the opinion of the court.

Following a jury trial, Peter Sims, a black person, was found guilty of murder, attempted murder, and armed robbery, and on June 16, 1984, received concurrent sentences for those crimes of 66 years, 30 years, and 20 years, respectively. Notice of appeal was filed August 2, 1984.

Immediately after the selection of the jury, defendant's counsel moved for a mistrial based in part upon "the conduct on the part of the State in systematically excluding every black person who was called into the jury box." The motion was denied. On April 30, 1986, the United States Supreme Court, in the case of *Batson v. Kentucky* (1986), 476 U.S. 79, 90 L. Ed. 2d 69, 106 S. Ct. 1712, ruled that a defendant in a State criminal trial could establish a *prima facie* case of racial discrimination violative of the fourteenth amendment based on the prosecutor's use of peremptory challenges to strike members of the defendant's race from the jury venire and that once the defendant had made the *prima facie* showing, the burden shifted to the prosecution to come forward with a neutral explanation for those challenges. (476 U.S. 79, 97, 90 L. Ed. 2d 69, 88, 106 S. Ct. 1712, 1723.) On May 13, 1986, we entered a *sua sponte* order on the parties to file additional briefs on the applicability of *Batson*. After the filing of those briefs, the United States Supreme Court on January 13, 1987, in *Griffith v. Kentucky* (1987), 479 U.S. ___, 93 L. Ed. 2d 649, 107 S. Ct. 708, held that the ruling of *Batson* is applicable to litigation pending on direct review when *Batson* was decided. (479 U.S. ___, ___, 93 L. Ed. 2d 649, 661, 107 S. Ct. 708, 716.) As indicated above, *Batson* was decided during the pendency of this direct appeal.

Thus, *Batson* is applicable here.

The record reflects that during *voir dire*, six of the eight peremptory challenges exercised by the prosecutor were used to exclude black prospective jurors. The record also reflects that the jury that was selected to try the defendant had either no blacks or one person who "could be considered a black individual." These facts were before the trial court at the time it ruled on defendant's motion for a mistrial on the basis that the prosecutor had been using his peremptory challenges to purposefully exclude blacks from the jury. In our opinion, the circumstances that were presented were sufficient to raise an inference of purposeful exclusion of blacks from the jury, and the inference was sufficient to establish a *prima facie* case of purposeful racial discrimination by the prosecutor. Once the defendant had made the *prima facie* showing, the burden shifted to the State to come forward with a neutral explanation for excluding the black prospective jurors. *Batson v. Kentucky* (1986), 476 U.S. 79, 80, 90 L. Ed. 2d 69, 75, 106 S. Ct. 1712, 1713.

Since the trial court denied defendant's motion for a mistrial without requiring the prosecutor to give a neutral explanation for excluding the black prospective jurors, we remand this case with directions that the State be given an opportunity to come forward with a neutral explanation for the exclusion of the black prospective jurors. If the trial court decides that the State has not come forward with a neutral explanation for the exercise of its peremptory challenges excluding the black prospective jurors, the trial court is to vacate the judgment of conviction and grant defendant a new trial. If the trial court decides that the State has come forward with a neutral explanation for the exercise of its peremptory challenges excluding the black prospective jurors, and the neutral explanation is sufficient to rebut defendant's *prima facie* case of purposeful racial discrimination, the defendant may file a motion in the appellate court within 30 days to reinstate this appeal and to include on appeal any alleged error that is made in the trial court after the remandment.

Remanded with directions.

RIZZI and FREEMAN,* JJ., concur.

---

*Justice McGillicuddy heard oral arguments in this appeal prior to her retirement. Since that time, Justice Freeman was designated the third member of the panel; he has read the briefs and listened to the tapes of oral argument.